UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACKSON,<br><br>   Petitioner,<br><br> v.<br><br>M.S. EVANS,<br><br>   Respondent. | CV 06-7227 PA (JCx)<br><br>ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), and all of the records herein, including the Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), respondent's objections to the Report and Recommendation ("Objections"), and petitioner Michael Jackson's ("Petitioner") response to the Objections. The Court has further made a de novo determination of those portions of the Report and Recommendation to which objection is made. The Court approves and accepts the Report and Recommendation and overrules the Objections except as set forth below.

   The Petition asserted three grounds for habeas relief: (1) whether the California Court of Appeal, consistent with the United States Supreme Court's decision in

Miller-El v. Dretke, 545 U.S. 231 (2005), should have conducted a comparative analysis regardless of whether the trial court engaged in such an analysis; (2) that Petitioner was denied a fair trial when the trial court admitted evidence that he had previously committed a robbery at the same location; and (3) that the prosecutor committed misconduct in eliciting testimony about Petitioner's other prior criminal conduct. The Report and Recommendation rejected Petitioner's second and third claims, but recommended that Petitioner was entitled to a conditional writ of habeas corpus on the first ground. Respondent's Objections challenge only the Report and Recommendation's analysis of the Petition's first claim brought under Miller-El and Batson v. Kentucky, 476 U.S. 79 (1996) (hereinafter "Batson claim").

Respondent's primary objection to the Report and Recommendation is that the Magistrate Judge conducted a de novo comparative analysis. According to Respondent, there is no clearly established Supreme Court precedent that requires an appellate court to conduct a comparative analysis of a Batson challenge when one was not conducted by the trial court in the first instance. Specifically, at least the Eighth and Eleventh Circuits have declined to require a comparative analysis for the first time on appeal even after Miller-El. See United States v. Walley, 567 F.3d 354, 358 (8th Cir. 2009); Hightower v. Terry, 459 F.3d 1067, 1070-71 (11th Cir. 2006). According to Respondent, because other circuits have concluded that a comparative analysis is not required for the first time on appeal, it is not "clearly established" that a comparative analysis is required.

The Ninth Circuit — by which this Court is bound[1/] — has concluded, however, that the Supreme Court has clearly established that an appellate court is required to undertake a comparative analysis even when the trial court did not engage in such an analysis. See Green v. LaMarque, 532 F.3d 1028, 1030-31 (9th Cir. 2008)

---

[1/] See Bell v. Hill, 190 F.3d 1089, 1093 (9th Cir. 1999) (district courts must follow controlling circuit court precedent); Hasbrouck v. Texaco, Inc., 663 F.2d 950 (9th Cir. 1961) (district courts are bound by the law of their own circuit. "They are not to resolve splits between circuits no matter how egregiously in error they may fee their own circuit to be.")

1  ("Here, the trial court failed to undertake a 'sensitive inquiry into such circumstantial
2  and direct evidence of intent as may be available,' including a comparative analysis
3  of similarly situated jurors, a required by clearly established Supreme Court law at
4  the time of the trial.  The California Court of Appeal's analysis did not remedy the
5  trial court's error.") (citations omitted) (quoting Batson, 476 U.S. at 93); Love v.
6  Scribner, 278 Fed. Appx. 714, 717 (9th Cir. 2008) ("Here, the state court of appeal
7  refused to conduct the required analysis, citing then-existing California law, and
8  stating that 'a comparative juror analysis on appeal is unreliable and inconsistent with
9  the deference we accord to trial courts in this area.'  This refusal 'was contrary to, or
10 involved an unreasonable application of, clearly established federal law.'") (quoting
11 28 U.S.C. § 2254(d)(1)); Kesser v. Cambra, 465 F.3d 351, 361 (9th Cir. 2006) ("[I]n
12 Miller-El, the Court made clear that the comparative analysis is required even when it
13 was not requested or attempted in the state court."); Boyd v. Newland, 467 F.3d 1139,
14 1150 (9th Cir. 2004) ("[W]e hold that, under the clearly established Supreme Court
15 precedent of Batson, comparative juror analysis is an important tool that courts
16 should utilize on appeal when assessing a defendant's plausible Batson claim."); id. at
17 1146 ("[I]f the Supreme Court's endorsement of comparative juror analysis on appeal
18 constituted a new procedural rule, the Court would not have applied that rule to
19 Miller-El, whose case came before the Court on an appeal from a denial of habeas
20 corpus.  Because the Court did engage in extensive comparative juror analysis, we
21 can infer that Miller-El . . . must only have clarified the extant Batson three-step
22 framework.").  The Court therefore concludes, in accordance with Ninth Circuit
23 precedent, that the California Court of Appeal violated clearly established Supreme
24 Court precedent when it failed to conduct a comparative analysis.
25 . . . .
26     Ordinarily, when considering a Batson claim on habeas review where the state
27 court has failed to engage in a comparative analysis, the federal court would engage
28 in the comparative analysis in the first instance, as the Magistrate Judge did in this

1 instance. See Green, 532 F.3d at 1031 ("We must conduct that analysis de novo,
2 rather than remanding for the state courts to do so.") (citing Miller-El, 545 U.S. at
3 241; Kesser, 465 F.3d at 356-58, 360). Importantly, however, in each instance when
4 a federal court has engaged in a comparative analysis de novo, the habeas petition has
5 included an exhausted Batson claim to the prosecutor's allegedly discriminatory
6 challenges that implicates the Petitioner's constitutional right to a fair trial and the
7 state appellate court's resolution of that challenge. Here, Petitioner did not exhaust
8 such a claim. Instead, the issue presented to the California Supreme Court, and the
9 only exhausted Batson claim presented to this Court, is if the California Court of
10 Appeal was required to engage in a comparative analysis regardless of whether it was
11 done in the trial court. In effect, Petitioner has exhausted his claim that he is entitled
12 to a new appeal, rather than to a new trial. To now engage in a comparative analysis
13 in the first instance, and potentially provide Petitioner with the same relief as if he
14 had exhausted a Batson claim that he was denied a fair trial, rather than the appeal to
15 which he was entitled, would ignore the exhaustion requirement. 28 U.S.C. §
16 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court
17 may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in
18 state court. In other words, the state prisoner must give the state courts an
19 opportunity to act on his claims before he presents those claims to a federal court in a
20 habeas petition.").

21 Here, where the only Batson challenge focuses on the California Court of
22 Appeal's failure to conduct a comparative analysis, and does not challenge either the
23 trial court's or Court of Appeal's denial of his Batson claim, the Court concludes that
24 although Petitioner is entitled to relief, it should not conduct the comparative
25 . . . .

analysis de novo.[2/]  Instead, the remedy for the California Court of Appeal's failure to follow clearly established Supreme Court precedent in this unique circumstance should be for that court to conduct the comparative analysis in the first instance.  See Sanders v. Craven, 488 F.2d 478, 480 (9th Cir. 1973) (concluding that the appropriate remedy for ineffective assistance of counsel that deprived a defendant of a right to appeal would be to "give the California courts the opportunity to allow the appeal and pass on the substance" of the defendant's constitutional claim).  This conclusion is further supported by the fact that unlike in Miller-El, where the state courts exhibited a level of hostility to the petitioner's Batson claim, the California Court of Appeal in this instance was "troubled" by the prosecutor's use of juror challenges and would have conducted a comparative analysis of its own but for the California Supreme Court's since-abandoned precedent that prohibited the Court of Appeal from conducting a comparative analysis in the first instance.

The Court therefore adopts the Report and Recommendation except to the extent it engaged in a de novo comparative analysis and concluded, under 28 U.S.C. § 2254(d)'s deferential standard, that the California Court of Appeal's analysis of Petitioner's Batson claim on direct appeal resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to that Court.  Petitioner simply has not exhausted a claim that justifies this Court to conduct either such analysis in the first instance.  Nevertheless, based on its determination that the California Court of Appeal was required to conduct a comparative analysis, the Court concludes that Petitioner is entitled to federal habeas relief on his Batson claim.

IT IS ORDERED that the Petition is conditionally granted based upon Petitioner's claim that the California Court of Appeal was required to conduct a

---

[2/]    In reaching this conclusion, the Court does not call into question the Report and Recommendation's comparative analysis.  Had Petitioner exhausted a Batson claim challenging either the prosecutor's use of juror challenges at trial or the Court of Appeal's determination on the merits of his Batson claim, the Court would have been inclined to adopt the Report and Recommendation's comparative analysis.

1  comparative analysis when reviewing his <u>Batson</u> claim on appeal.  Respondent shall
2  discharge Petitioner from all adverse consequences of the judgment in Los Angeles
3  County Superior Court Case No. TA063472, unless the California Court of Appeal
4  rehears Petitioner's appeal of the trial court's determination of his <u>Batson</u> challenge
5  by engaging in a comparative juror analysis in accordance with the Supreme Court's
6  holding in <u>Miller-El</u> within ninety (90) days of the entry of the Judgment herein, plus
7  any additional delay authorized under State law.

8      IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the
9  Report and Recommendation, and the Judgment herein on Petitioner and counsel for
10 respondent.

11 DATED: March 1, 2013

                                              _____
                                              Percy Anderson
                                        UNITED STATES DISTRICT JUDGE